## JAMES SMITH v. ALBERT ALLBRIGHT, ETC.

**Schools and School Districts—Mulatto Children.**

Mere rumor that children are mulattos is not sufficient to establish such fact, especially where their grandmother, who is alleged to be the child of a negro man, attended the public schools, and the children appear to be white children.

**Schools and School Districts—Mulatto Children—Evidence.**

Mere rumor that a negro was the father of a woman who had attended the public schools as a white child, is not admissible to show that she was a mulatto.

APPEAL FROM GARRARD CIRCUIT COURT.

January 21, 1873.

OPINION BY JUDGE PRYOR:

James Smith, the appellant in this action, is a resident of Rockcastle County, and at the institution of this suit by him against the appellees lived within the boundary of the common school district in that county known as District No. 34. He had several children between the ages of six and twenty residing with him, and the appellees, who were the trustees of that district, refused to permit his children to go to the school for the reason, as they insist and attempt to prove, the children were mulattoes. The mother of these children before her marriage with the appellant was named Jane Wiggins, and her mother Rosanna Wiggins. These trustees, one of them, is a half-brother of Mrs. Smith, the mother of the children, one a nephew and the other a cousin and they now allege that the father of Mrs. Wiggins, who is the mother of appellant's wife, and a grandmother of the children, was the daughter of a negro man by the name of Dan Cabel, her mother being white.

A number of witnesses were introduced and examined by the appellees (the defendants) who prove that from general rumor it was understood that this negro man was the father of Mrs. Wiggins, the grandmother of these children, but several of them also state that years ago they (the witnesses) went to school with Mrs. Wiggins, and this idea of negro origin must have had its inception at a later date, as it would have been rather difficult thirty years ago for a negro of the half-blood to have gained admittance as a scholar in the schools with white children, and if this old lady was recognized as a white scholar at that period it requires stronger proof than is here presented at the instance of appellees to change their own kindred from white to black.

Elias Cabel, who it seems was examined as a witness, is a brother of Mrs. Wiggins and he says that his mother never denied but that his sister was Dan Cabel's daughter. This failure of the mother to deny the paternity of the daughter occurred when the witness, her son, was about five years old, and at the age of sixty-five he repeats the conversation he had with his mother on this subject. This character of testimony, connected with the reason before alluded to, constituted the proof upon which the defense is based. The children were produced in court and are shown from their own appearance to be white children. The record shows that they are white

children, and there was no reason so far as appears from the facts proven for excluding them from the privileges of this common school. Judgment is reversed and cause remanded with directions to award to appellant a new trial and for further proceedings consistent with this opinion.

---

### RESPONSE TO PETITION FOR REHEARING.

DELIVERED BY JUDGE PRYOR:

In response to suggestions of counsel we have to say that the only ground of the demurrer to the petition as amended is the defect of parties. If the children are black they have no right to attend the common schools of the state. If white they should be admitted. Mrs. Wiggins' mother was a white woman. Her mother's husband was a white man, and all the hearsay testimony introduced to show negro blood in these children was incompetent, and particularly when the appearance of the children indicated that they were white.

That it was reputed that a negro was the father of this grandmother was not evidence and should have been disregarded. It is the blood as well as the color that must control the court or jury in determining whether these children are white or black, but this court has adjudged that there is no competent evidence showing that they have negro blood in them. This case will have to be reversed and then counsel will have another opportunity of offering proof upon the question involved.

*McKee & Hopper, for appellant.*

*J. G. Carter, George Denny, Jr., for appellees.*